UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIAN LABS INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>TRIOLOGY LLC,<br><br>        Defendant. | Case No.  13-cv-04791-SBA   (KAW)<br><br>ORDER REGARDING JULY 7, 2014 DISCOVERY LETTER<br><br>Dkt. No. 42 |

On July 8, 2014, this matter was referred to U.S. Magistrate Judge Kandis A. Westmore for discovery purposes. The parties are hereby directed to the Court's General Standing Order, available online at *http://www.cand.uscourts.gov/kaworders*.

Plaintiff filed a discovery letter on July 7, 2014. Pursuant to the Court's Standing Order, however, all discovery letters must be filed jointly. Accordingly, Plaintiff's July 7, 2014 discovery letter is TERMINATED, and the parties are ordered to meet and confer in an attempt to resolve the pending disputes without further court intervention. If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining discovery disputes consistent with the Standing Order. The letter must be in the following format to ensure that the parties are addressing the same requests, and are doing so in a manner that facilitates the Court's resolution of the remaining disputes:

    **A.  Request for Production No. 7**

        [Summarize the issue and reproduce the request.]

    Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

**B.  Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

This format should be used for each dispute, and the parties should attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.

In the interest of providing the parties with guidance in their meet and confer, the Court reminds the parties that each side has individual discovery obligations, and one party cannot withhold non-privileged, responsive documents because it seeks similar documents from the opposing party.  Also, Defendant has a right to respond to any request notwithstanding its objections, so long as it clearly identifies the specific objection(s) applicable to a particular request.  It is improper to simply serve objections and refuse to answer notwithstanding those objections.  To the extent that certain "responses" only contain objections, Defendant is ordered to answer notwithstanding its objections unless a privilege is asserted and a privilege log is provided.  Further, relevancy is a very broad standard, and is rarely an appropriate ground for avoiding a response.

Lastly, the parties have a stipulated protective order in effect, so the Court does not anticipate entertaining any disputes that should be resolved by the protective order.

IT IS SO ORDERED.

Dated: July 8, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge