UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIAN LABS INC.,<br>        Plaintiff,<br>   v.<br>TRIOLOGY LLC,<br>        Defendant. | Case No. 13-cv-04791-SBA (KAW)<br><br>ORDER REGARDING 7/31/14 JOINT DISCOVERY LETTER<br><br>Dkt. No. 51 |

On July 31, 2014, the parties filed a joint discover letter concerning the sufficiency of Defendant Triology LLC's responses to Plaintiff Melian Labs, Inc.'s requests for production of documents. (7/31/14 Joint Letter, "Joint Letter," Dkt. No. 51.)

## I.  BACKGROUND

In this action, Plaintiff Melian Labs, Inc. ("Melian") seeks a declaratory judgment that its MYTIME website and mobile application does not infringe the alleged MYTIME trademark used by Defendant Triology, LLC ("Triology"), but rather that Triology's use of MYTIME infringes on Melian's senior trademark rights. (Compl., Dkt. No. 1.)  Triology filed a counterclaim for trademark infringement and related causes of action, as well as for withdrawal of Plaintiff's trademark application for MYTIME. (Dkt. No. 9.)

Melian operates a service under the MYTIME trademark that allows consumers to schedule appointments online, and through a mobile application, for a variety of local services. Melian launched its services on the Internet under the MYTIME name in December of 2012, at which time Melian rebranded its appointment scheduling website that had been operating under another mark.  Triology, an Arizona limited liability company with operations in Australia, claims

that it has priority by virtue of its alleged use of the MYTIME mark in U.S. commerce prior to the March 23, 2013 launch of its mobile application in the iPhone App Store.

Melian served its Document Requests on February 14, 2014. (Joint Letter, Ex. 1). Triology served its written discovery responses on April 9, 2014. (Joint Letter, Ex. B.). On July 7, 2014, Melian filed a discovery letter seeking to compel supplemental responses. (Dkt. No. 42.) On July 8, 2014, discovery matters in this case were referred to the undersigned, and the parties were immediately ordered to meet and confer and to file a joint letter if they were unable to resolve all outstanding disputes without court intervention. (Dkt. No. 44.) On July 31, 2014, the parties filed a joint letter addressing 17 disputes concerning Triology's responses to Melian's requests for production of documents.

## II.   DISCUSSION

Melian contends that Triology's responses to 16 separate requests for production are deficient, and that Triology has not produced responsive, non-privileged documents per the agreement of the parties.

### A.   Triology's Failure to Produce Documents it has Agreed to Produce

Melian contends that Triology has agreed to produce all responsive, non-privileged documents in response to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 18, 20, 21, 23, 24, 25, 26, 29, 30, 33-64, 67-69, 71, 72, 76, 77, 79, 80, 81, 82, 83, 85, 86, 89, 90, 97, 98, 99, 100, 103, 104, 105, 106, 107, 108, 111, 114, 115, 116, 117, 118, 121, 123, 125, 126, and 127, but has not done so. (Joint Letter at 4.) Triology contends that it is producing documents on a rolling basis, and will continue to supplement its responses in good faith, rendering this discovery dispute is premature. (Joint Letter at 5.)

As an initial matter, Triology has an ongoing obligation under the Federal Rules to supplement all of its discovery responses. *See* Fed. R. Civ. P. 26(e). Further, Triology cannot satisfy its discovery obligation by simply promising that its document production is forthcoming without a specified date of production. Triology's document production was due, along with its responses, thirty days after the requests were propounded. This is even more problematic if Triology has not provided entire categories of documents identified in its Amended Initial

Disclosures. (*See* Joint Letter at 4.) To the extent that the requests are not individually addressed in this order, Triology shall supplement its responses to all requests above and produce all non-privileged, responsive documents within 10 days of this order.

### B.  Request No. 19

Request No. 19 seeks documents relating to Triology's use of "any advertising or public relations agency or firm employed by YOU, or on YOUR behalf, to assist in the advertising, marketing and offering of services under or in connection with the MYTIME FITNESS MARK." (Joint Letter at 5.) Plaintiff argues that Triology previously agreed to produce an agreement with its marketing firm, and then later argued that its representation about using a marketing firm was incorrect. Triology states that it "handled advertising, marketing and promotion in-house, through its former employee James Ward," and that its supplemental responses confirm that it has no responsive documents. (Joint Letter at 5; Supplemental Resp., "Suppl. Resp.," Joint Letter, Ex. C at 8.)

Since Triology's supplemental response to Request No. 19 states that it did not use an advertising firm and that no representative documents exist, the Court cannot compel production of documents that do not exist.

### C.  Request No. 21

Request No. 21 seeks documents relating to Triology's communications regarding the development of Triology's myti.me website and MYTIME FITNESS mobile application. (Joint Letter at 6.) In its supplemental responses, Triology stated that it would produce all responsive documents on which it intends to rely in this litigation, including communications, to the extent that they exist. (Suppl. Resp. at 9.) As of the date of filing, Triology had only produced its agreement with its design firm, Flipnet Pty. Ltd. (Joint Letter at 7.)

Triology's correspondence with Flipnet is not necessarily privileged, and Triology cannot withhold all communications without stating specific objections. Further, Triology cannot limit discovery to those documents that it intends to rely on in this litigation, like it would have in its Rule 26(a) initial disclosures, because relevancy is a broad standard. Accordingly, Triology must

1  supplement its response to this request and produce all responsive, non-privileged documents
2  within 10 days of this order.

### D. Request No. 85

Request No. 85 seeks documents that would show the number of transactions that were made through Triology's MYTIME FITNESS mobile application. (Joint Letter at 7.) Triology states that it "will produce all non-privileged responsive documents in its possession, custody or control to the extent any are identified after a reasonably diligent search, which is still in process." *Id.* This is insufficient, especially when the fact discovery cut-off in this case, September 15, 2014, is rapidly approaching. Triology must produce all responsive, non-privileged documents within 10 days of this order. Additionally, Triology has a continuing obligation under Rule 26 to supplement its responses should other documents be later discovered.

### E. Request No. 68

Request No. 68 seeks all advertising and marketing information, including social media posts from Facebook, Twitter, and LinkedIn. (Joint Letter at 7.) Melian contends that Triology has produced some content from Facebook, but has not provided content from other social media platforms, including Twitter, CrunchBase.com, and LinkedIn. *Id.* Triology states that it has produced all of its Facebook content, and copies of its advertisements, and that "[m]ore marketing-related documents may be produced as investigation and discovery are ongoing." *Id*.

Information regarding the content on these websites is not difficult to produce, and Triology need only identify those websites where the information is publicly located and only produce documents containing content that was not, or is no longer, publicly available. Triology is ordered to supplement its response to this request, and to produce any responsive documents, within 10 days of this order.

### F. Request No. 86

Request No. 86 seeks documents reflecting the content of any websites that have featured Triology's MYTIME mark. (Joint Letter at 8.) Plaintiff contends that Triology has refused to produce all documents. *Id.* Triology states that it provided Plaintiff with a screen shot of its 2012 website during mediation, and promises to continue to supplement its production with responsive

4

documents. *Id.* This is again insufficient for the same reasons set forth above. *See* discussion *supra* Part III.D-E. Thus, Triology is ordered to supplement its response to this request, and to produce any responsive documents, within 10 days of this order.

### G. Request No. 87

Request No. 87 seeks documents concerning the users of Triology's MYTIME FITNESS offerings in the United States. (Joint Letter at 8.) Plaintiff seeks information concerning Triology's U.S. customers, but Triology has refused to produce any documents claiming that "the Australian Privacy Act and Australian Privacy Principles apply to protect both Australian and U.S. consumers' data, as long as the data is stored on Australian servers." (Joint Letter at 9-10.) Triology states that its data is stored on Australian servers. *Id.* at 10. Melian contends that the protective order is sufficient to address Triology's concerns, but Triology contends that since Australian law concerns all personal information, the consumer data at issue is not necessarily "confidential," as defined in the protective order. *Id.*

Triology must produce this information. The parties are, therefore, ordered to meet and confer regarding Triology's proposed amendments to the stipulated protective order. Melian will not, however, be required to indemnify Triology in order to obtain U.S. consumer information. In the interim, if it has not already done so in response to other discovery, Triology must produce information regarding the number of U.S.-based users and the dates that they registered or created their accounts within 10 days of this order. This can surely be accomplished without violating Australian law. If Triology has reason to believe otherwise, it shall submit a brief to the Court setting forth the legal basis for its belief and reasons why an amended protective order will not sufficiently address its concerns. Any such brief must be submitted within 7 days of this order.

### H. Request No. 88

Request No. 88 seeks documents concerning the businesses that use Triology's MYTIME FITNESS mobile application or website in the U.S. to conduct commerce. Triology has refused to produce any documents on the same privacy grounds it asserted in response to Request No. 87. Accordingly, the Court orders the parties to meet and confer regarding amendment to the stipulated protective order. In the interim, Triology shall produce information regarding the

1   number of U.S.-based companies and the dates that they registered or created their accounts within
2   10 days of this order.

### I. Request No. 96

Request No. 96 seeks documents relating to Triology's beta testing of its MYTIME FITNESS mobile application, including the number of unique users, the number of invitations sent, the date of invitations sent, names of people invited, and email addresses. (Joint Letter at 11.) Melian has agreed to narrow this request to documents showing activities prior to March 23, 2013. *Id.* at 12.

Triology objects on relevancy grounds and refuses to produce responsive documents. *Id.* Triology also notes that Melian has already received a large quantity of this data from Test Flight, the beta testing company, in response to a subpoena. *Id.*

That Melian has some responsive information obtained by a subpoena does not mean that the information is complete. Triology's relevancy objection is not persuasive, as relevancy is a very broad standard. Thus, Triology is ordered to produce responsive documents concerning the beta testing that occurred prior to March 23, 2013 within 10 days of this order.

### J. Request No. 110

Request No. 110 also seeks documents relating to Triology's beta testing of its MYTIME FITNESS mobile application, specifically documents that show features, bugs, and chores tracked by project management software that have time or date stamps. (Joint Letter at 12.) Melian agreed to narrow the request to activities prior to March 23, 2013. *Id.*

Triology claims that this information is not relevant to whether a trademark was being used in commerce. *Id.* The Court disagrees. This goes to the priority of use issue that is the crux of this litigation. Triology is, therefore, ordered to produce responsive documents, within 10 days of this order, concerning the beta testing that occurred prior to March 23, 2013.

### K. Request No. 108

Request No. 108 seeks documents relating to Triology's beta testing of its MYTIME FITNESS mobile application, specifically documents related to the analytics programs and products utilized by Triology to measure customer usage. The parties have narrowed the request

to data collected prior to March 23, 2013.  Triology has agreed to locate and produce the data. (Joint Letter at 13.)  Simply agreeing to locate and produce data does not satisfy Triology's discovery obligation.  Triology must, therefore, produce documents responsive to this request, limited to data collected prior to March 23, 2013, within 10 days of this order.

### L. Request No. 114

Request No. 114 seeks documents relating to the number of visitors to Triology's MYTIME FITNESS websites. (Joint Letter at 13.)  As with Request No. 108, Melian has agreed to limit the time frame to prior to March 23, 2013. *Id.*  Triology has agreed to provide this information, but has not yet done so.  As with Request No. 108, simply agreeing to produce information does not satisfy a party's discovery burden. Thus, Triology must produce documents responsive to this request, limited to data collected prior to March 23, 2013, within 10 days of this order.

### M. Request No. 115

Request No. 115 seeks documents relating to the number of users of Triology's MYTIME FITNESS mobile app. (Joint Letter at 13.)  As with Request Nos. 108 and 114, Melian has agreed to limit the time frame to prior to March 23, 2013. *Id.*  Triology has agreed to provide this information, but has not yet done so.  As with Request Nos. 108 and 114, agreeing to produce information does not satisfy a party's discovery burden. Thus, Triology must produce documents responsive to this request, limited to data collected prior to March 23, 2013, within 10 days of this order.

### N. Request No. 124

Request No. 124 seeks documents that identify Triology's customers or users of Triology's mobile application/website in the U.S. (Joint Letter at 13-14.)  Triology has refused to produce any responsive documents. (Joint Letter at 14.)  Both parties refer to their arguments regarding Request No. 87.  Accordingly, the Court adopts its same rationale, so the parties are ordered to meet and confer regarding amending the stipulated protective order.  In the interim, Triology shall produce the information regarding the number of users believed to be located in the United States

within 10 days of this order, which can be accomplished any number of ways, including by self-reported registrant information or IP address.

### O. Request No. 22

Request No. 22 seeks documents relating to Triology's development of its MYTIME mobile application, including communications with any software development firm, which Melian claims is relevant to the question of priority. (Joint Letter at 14.) Specifically, Request No. 22 seeks "All DOCUMENTS that constitute or REFER OR RELATE to the development or creation of the TRIOLOGY MYTIME MOBILE APPLICATION, including but not limited to any COMMUNICATIONS with any software development firm employed by YOU or performing work on YOUR behalf." (Joint Letter, Ex. 2 at 8.) Triology contends that the entire inquiry is irrelevant. (Joint Letter at 15.) The Court disagrees, given that relevancy is such a broad standard, but, as phrased, the request is overbroad because Triology is a software developer and the request is not narrowed in respect to time. Accordingly, Triology is not required to supplement its response to this request, since it objected to the request as overbroad. (*See* Resp., Joint Letter, Ex. 2 at 16-17.) The parties are, however, ordered to meet and confer regarding a time period, i.e., prior to March 23, 2013.

### P. Request No. 73

Request No. 73 seeks Triology's profits and losses for its MYTIME services. (Joint Letter at 15.) Specifically, Request No. 73 seeks "DOCUMENTS from which YOUR profits and losses on each of YOUR goods sold or services provided in connection with the MYTIME FITNESS MARK can be determined." (Joint Letter, Ex. 3 at 14.) Melian contends that it is seeking U.S. revenue. (Joint Letter at 15.) The request, however, is not limited to U.S. revenue, as it seeks documents on all goods or services. Melian further contends that Triology has not provided any revenue information because "the [mobile application] download is free." *Id.* If Plaintiff's representation is accurate, this is not a proper basis to withhold documents when the request is much broader than app sales figures.

Triology contends that it has produced all documents responsive in its possession, which it states is confirmed in its Supplemental Responses. *Id.* In fact, this is not confirmed, as the

8

1  supplemental response states that "[t]o the extent this request seeks financial information, Triology
2  is willing to meet and confer with Melian to develop a mutually agreeable criteria for the
3  production of relevant financial information." (Joint Letter, Ex. 3 at 14.)  If Triology has only
4  provided profit and loss statements, and not the underlying financial documents upon which those
5  statements were created, it has not fully responded.  Thus, Triology must supplement its response
6  to Request No. 73 within 10 days to either state that it has provided all responsive documents or to
7  produce the responsive documents in its possession that have not been produced.

**Q.   Request No. 74**

Request No. 74 seeks documents sufficient to show Triology's gross revenues relating to the MYTIME Fitness Mark. (Joint Letter at 15.)  Triology refers to its position for Request No. 73. Similarly, Triology's supplemental response did not confirm that it has produced all responsive documents in its possession. Thus, following the same rationale, Triology is ordered to supplement its response to Request No. 74 within 10 days of this order and to produce any documents in its possession that are responsive to this request.

**III.   CONCLUSION**

Consistent with the foregoing, Triology is ordered to supplement its responses to Request Nos. 21, 85, 68, 86, 96, 110, 108, 114, 115, 73, and 74, and produce responsive documents, within 10 days of this order.  Also within 10 days of this order, Triology shall supplement and/or produce all documents in response to all requests in Part II.A not individually addressed herein.

Triology is not required to supplement its response to Request Nos. 19 and 22 at this time, but the parties shall meet and confer to narrow the time period for the documents sought in response to Request No. 22.

The parties shall meet and confer regarding amending the stipulated protective order to also protect all personal information produced so as not to violate Australian law. (*See* Request Nos. 87, 88, 124.)  In the interim, Triology shall produce, within 10 days of this order, information regarding the number of U.S.-based consumers and companies, along with the dates of account registration and/or creation.  Triology shall supplement its responses to Request Nos. 87, 88, and 124 within 5 days of filing the stipulated protective order.  If Triology believes that an amended

9

1  protective order will not address its concerns, Triology shall submit a brief on the issue within 7
2  days of this order.
3      IT IS SO ORDERED.
4  Dated: August 26, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge