UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIAN LABS INC.,<br>        Plaintiff,<br>  v.<br>TRIOLOGY LLC,<br>        Defendant. | Case No. 13-cv-04791-SBA (KAW)<br><br>ORDER REGARDING 8/20/14 JOINT LETTER<br><br>Dkt. No. 57 |

On August 20, 2014, the parties filed a joint discover letter concerning the sufficiency of Plaintiff Melian Labs, Inc.'s document production of electronically stored information. (8/20/14 Joint Letter, "Joint Letter," Dkt. No. 57.)

Upon review of the joint letter, the Court DENIES Triology's request to compel Melian's production of all emails and spreadsheets in native format.

### I. BACKGROUND

Plaintiff Melian Labs, Inc. ("Melian") seeks a declaratory judgment that its MYTIME website and mobile application does not infringe the alleged MYTIME trademark used by Defendant Triology, LLC ("Triology"), but rather that Triology's use of MYTIME infringes on Melian's senior trademark rights. (Compl., Dkt. No. 1.) Triology filed a counterclaim for trademark infringement and related causes of action, as well as for withdrawal of Plaintiff's trademark application for MYTIME. (Dkt. No. 9.)

On March 26, 2014, the parties filed a case management conference statement (referred to as the "Joint Rule 26(f) Report"), and informed the district court that

> With respect to the production of electronic data and information, the parties agree that the production of metadata beyond the following fields are not necessary in this lawsuit absent a showing of

> a compelling need: Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, and Email Subject. The parties agree to produce documents electronic form in paper, PDF, or TIFF format, and spreadsheets and certain other electronic files in native format when it is more practicable to do so.

(Dkt. No. 37 at 10.)

Melian began its document production on June 23, 2014. (Joint Letter at 5.) Since June 30, 2014, Melian has produced 1218 pages of documents. *Id.* at 1.

On August 1, 2014, Triology complained about the format of Melian's document production of its electronically stored information ("ESI"). (Joint Letter at 5.) Triology claims that these pdfs were stripped of all metadata in violation of the agreement of the parties and that the spreadsheets were not produced in native format. *Id.* at 3-4. Melian disagrees. *Id.* at 5.

On August 20, 2014, the parties filed a joint letter addressing the sufficiency of Melian's production of ESI.

## II.   DISCUSSION

Triology claims that Melian has failed to comply with its discovery obligations with respect to the production of ESI and has reneged on its agreement with Triology regarding the form of production for ESI by stripping its documents of the very metadata that it agreed to produce. (Joint Letter at 1.) Melian argues that it has satisfied its discovery obligations under the Federal Rules and the agreement, because it has produced electronic documents in "paper, PDF or TIFF format" and was only required to produce ESI in native format when it was "more practicable to do so." *Id*. at 5.

Specifically, Triology seeks to compel the production of emails and Excel spreadsheets in their native format.

### A.   Emails

Triology contends that Melian's production of "7 large PDF image documents, which each appear to be a compilation of ESI improperly collected and produced," are violative of Federal Rule of Civil Procedure 34(b)(2)(E), because they were not produced in their native format and are not reasonably usable. (Joint Letter at 6.) Triology further contends that the documents were not forensically collected.

1    Melian contends that it is not required to forensically collect documents, and that Triology
2    really objects to the document production because the documents were not produced in Triology's
3    preferred format. (Joint Letter at 8.)  Further, Melian states that by the time Triology complained
4    of the format on August 1, 2014, it had already concluded the bulk of its collection, review, and
5    processing of its emails for production. (Joint Letter at 5.)  Melian argues that Triology's demand
6    for all metadata for every single document, including those already produced, is unreasonable. *Id.*
7    Melian further provides that its email accounts are hosted by Gmail, and it has produced email
8    printouts directly from Gmail.com or through Microsoft Outlook. *Id.* at 5-6.

9    Triology's complaint is purely one of form and, at this juncture, it is not claiming that
10   Melian's production is incomplete.  Rule 34(b) only requires that the parties produce documents as
11   they are kept in the usual course of business or in the form ordinarily maintained unless otherwise
12   stipulated. Fed. R. Civ. P. 34(b)(2)(E).  The parties' Joint Rule 26(f) Report is a stipulation, and,
13   therefore, Rule 34(b) does not govern.  Further, the Joint Rule 26(f) Report does not require that
14   all ESI be produced electronically.  Instead, it states that ESI may be produced in paper, PDF or
15   TIFF. (Dkt. No. 37 at 10.)  That producing the documents in a searchable format would ease
16   Triology's review does not render Melian's production deficient.  Triology fails to articulate why
17   metadata is important to emails, when every email should contain the information sought on the
18   face of the document.  To the extent that emails have this information cut off or it is not apparent
19   from the face of the email (i.e. as may be the case with BCC), Triology is entitled to the complete
20   email with the agreed upon metadata (*see* Dkt. No. 37 at 10), and Melian must provide it upon
21   request.

22   Notwithstanding, Triology's request to compel the production of all emails in a searchable
23   or native format is denied.

24   **B.    Spreadsheets**

25   Triology contends that Melian has failed to comply with the Joint Rule 26(f) Report by
26   refusing to produce all spreadsheets in native format. (Joint Letter at 10.)

27   Melian admits that some of its spreadsheet printouts were difficult to read, and, in those
28   cases, it produced the spreadsheets in native format (Excel) upon request. *Id.*  Melian contends,

3

however, that the parties never agreed to produce all spreadsheets in native format.  *Id.*  Rather, they only agreed to produce electronic files in native format when it is more practicable to do so.  *Id.*

A responding party may generally produce documents in the format of their choice.  Further, despite Triology's contention to the contrary, the Joint Rule 26(f) Report does not require the production of ESI in native format.  Thus, Melian cannot be compelled to produce its Excel spreadsheets in native format.  The Court trusts, however, that should any other disputes regarding readability or legibility arise, Melian will produce spreadsheets that are easily readable without seeking court intervention.

### III.   CONCLUSION

In light of the foregoing, Triology's request to compel the production of ESI documents in their native format is DENIED.

The Court notes that both parties share similar complaints with regard to the usability of the document productions and the sufficiency of those productions.  Thus, the parties are ordered to meet and confer in good faith before seeking further court intervention.

IT IS SO ORDERED.

Dated: September 4, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge